IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAUDIA MARTINEZ, *on behalf of herself and others similarly situated* ) ) ) | Case No. 17-cv-3849 |
| Plaintiffs, ) ) | Honorable Judge: |
| v. ) ) | **JURY DEMAND** |
| LA FOX BP, INC and WAQAR QURESHI individually, ) ) ) ) | |
| Defendants. ) | |

## **COMPLAINT**

Plaintiff, as a Complaint against Defendants, alleges the following:

## **NATURE OF THE CASE**

1. This action is brought to remedy nonpayment of wages in violation of the Fair Labor Standards Act (FLSA), the Illinois Minimum Wage Law (IMWL), and the Illinois Wage Payment and Collection Act (IWPCA).

2. This is a collective action to remedy violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/9, on behalf of a class of workers represented by named Plaintiff Claudia Martinez.

3. In violation of the FLSA, Defendants failed to pay Plaintiff and other similarly situated workers for all of the hours they worked by failing to pay overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants also violated the IMWL by failing to pay Plaintiff and similarly

situated workers at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked.

4. As a remedy for Defendants' acts, Plaintiff seeks relief, on behalf of herself and similarly situated workers, including unpaid overtime wages, liquidated damages under the FLSA, state law penalties, and attorney's fees and costs.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's FLSA claims and this collective action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1337 (interstate commerce), and 29 U.S.C. § 216(b) (FLSA).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the federal claims that they form part of the same Article III case.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff Claudia Martinez is an individual residing in the Northern District of Illinois, Eastern Division. Within the three-year period prior to the filing of this Complaint, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), 820 ILCS 105/3(d), and 820 ILCS 115/2. Plaintiff has signed and filed, along with this Complaint, written consent to sue pursuant to 29 U.S.C. § 216(b). (attached as Exhibit A to the Complaint)Claud

9. Defendant La Fox BP, Inc. ("La Fox"), is an Illinois corporation with a principal place of business in South Elgin, Illinois. Defendant La Fox is a gasoline service provider.

10. Defendant La Fox is, and at all times relevant was, an enterprise as defined in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(l), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(l)(A).

11. At all times relevant herein, Defendant La Fox was an "employer" as defined in the FLSA, 29 U.S.C. § 203(s)(l)(A), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

12. Defendant Waqar Qureshi ("Waqar") is the owner of La Fox and is responsible for oversight of its business operations. At all times relevant herein, Defendant Waqar was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the IWPCA, 820 ILCS 115/2.

13. Defendants La Fox and Waqar jointly employed Plaintiff and similarly situated workers within the meaning of the FLSA, the IMWL, and the IWPCA and are jointly and severally liable for the violations of law asserted herein.

**FACTUAL ALLEGATIONS**

14. During the 3-year period prior to the filing of this Complaint, Plaintiff and similarly situated persons worked for Defendants.

15. At all times relevant, Plaintiff and similarly situated workers were required to report each workday to the Defendants' gas station.

16. At all relevant times, and on a customary and regular basis, Plaintiff and similarly situated employees worked in excess of 40 hours in a workweek.

17. At all times relevant, Defendants failed to pay Plaintiff and similarly situated workers overtime premium wages of one and one-half times their regular rates of pay for all hours worked in excess of 40 in a single workweek.

3

18. Plaintiff who worked as a cashier, and on information and belief, similarly situated workers, were subjected to payroll deductions, even though they did not provide contemporaneous written authorization for such deductions.

19. At all times relevant, Plaintiff worked with others similarly situated. On information and belief, the potential collective action and class action of similarly situated employees includes as many as 20 employees who suffered the same or similar violations as those described above.

## **COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff brings Count I of this action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

21. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

All employees of La Fox who worked at any time from May 2014 through the present.

22. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 10 persons.

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings Counts I, II and III of this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and other members of the Rule 23 Class defined as:

All employees of La Fox who worked at any time from May 2014 through the present.

25. On information and belief, the Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Class, but upon information and belief, avers that it consists of at least 20 persons and that are not well informed of their rights under federal and state wage statutes, and have limited access to lawyers. Individual joinder is, thus, impracticable.

26. There are questions of law or fact common to the Class, including but not limited to the following:

    a. whether Defendants violated 820 ILCS 105/4a by failing to pay named Plaintiff and other members of the Class at the prescribed rate of one and one-half times the employees' regular wage rates for all overtime hours worked;

    b.. whether Defendant Waqar was an "employer" of Plaintiff and other Class members pursuant to the IMWL and IWPCA.

27. The claims of Plaintiff are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other Class members.

28. Plaintiff will fairly and adequately protect the interests of the Class. Her interests are not antagonistic to, but rather are in unison with, the interests of other Class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

29. The questions of law or fact that are common to the Class predominate over any questions affecting only individual Class members. The primary questions that will determine

Defendants' liability to the Class, listed above, are common to the Class as a whole and predominate over any questions affecting only individual Class members.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Class members to pursue their claims individually would entail a host of separate suits and unnecessary demands on judicial resources. In contrast, certification of the claims in Counts II and III pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all Class members with efficiency.

## **COUNT ONE**

### **MINIMUM WAGES, FAIR LABOR STANDARDS ACT**
### **ALL DEFENDANTS -- COLLECTIVE ACTION**

31. This Count arises from Defendants violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wages for all time worked.

32. During the course of Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all time worked in certain work weeks. As a result, their hourly wage fell below the federal minimum wage.

33. Plaintiffs were entitled to be paid the federal minimum wage for all time worked.

34. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

35. Defendants willfully violated the FLSA by refusing to pay Plaintiffs the federally mandated minimum wages for all hours worked.

36. Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit because Defendants' failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

## COUNT TWO

**OVERTIME, FAIR LABOR STANDARDS ACT
ALL DEFENDANTS -- COLLECTIVE ACTION**

37. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rates of pay for every hour they worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. § 207.

38. As a result of Defendants' practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

39. Defendants' violations of 29 U.S.C. § 207 were willful.

40. Defendants jointly employed Plaintiff and similarly situated workers pursuant to the FLSA and are jointly and severally liable for the FLSA violations.

## COUNT THREE

**MINIMUM WAGES, ILLINOIS MINIMUM WAGE LAW
ALL DEFENDANTS -- CLASS ACTION**

41. This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiffs the state-mandated minimum wages for all time worked.

42. During the course of Plaintiffs' employment by Defendants, Defendants failed to compensate Plaintiffs for all time worked in certain work weeks. As a result, their hourly wage fell below the Illinois minimum wage.

43. Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

44. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

45. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

## COUNT FOUR

### OVERTIME, ILLINOIS MINIMUM WAGE LAW
### ALL DEFENDANTS -- CLASS ACTION

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. The Illinois Minimum Wage Law, at 820 ILCS 105/4a, provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

48. Defendants' practice and policy of not paying Plaintiff and other members of the Class overtime compensation at a rate of one and one-half times their regular rates of pay for all of their hours worked in excess of 40 hours in a workweek violated 820 ILCS 105/4a.

49. As a result of Defendants' violation of 820 ILCS 105/4a, Plaintiff and other members of the Illinois Class have been damaged in that they have not received wages due to them pursuant to 820 ILCS 105/4a.

50. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IMWL and are jointly and severally liable for the IMWL violations.

## COUNT FIVE

### ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### ALL DEFENDANTS – CLASS ACTION

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. The IWPCA, at 820 ILCS 115/9, provides that "deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made."

53. Defendants' practice and policy of taking uniform deductions from Plaintiff's and other Class members' pay without obtaining contemporaneous written authorization violated 820 ILCS 115/9.

54. As a result of Defendants' violation of 820 ILCS 115/9, Plaintiff and other members of the Class have been damaged in that their wages have been reduced as a result of unauthorized deductions pursuant to 820 ILCS 115/9.

55. Defendants jointly employed Plaintiff and other members of the Class pursuant to the IWPCA and are jointly and severally liable for the IWPCA violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) for pursuit of the claims asserted in Counts I and II;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" in to this litigation by filing written consent to sue;

C. Award Plaintiff and similarly situated workers who file written consent to sue their unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. Issue an order certifying the Class pursuant to Federal Rule of Civil Procedure 23(b)(3) for pursuit of the claims asserted in Counts III, IV and V;

E. Award Plaintiff and the Class actual damages for unpaid overtime compensation and unauthorized uniform deductions;

F. Award Plaintiff and the Class penalties in the amount of 2% of the underpayment per month for the length of the violations of the IMWL and IWPCA pursuant to 820 ILCS 105/12, and 820 ILCS 115/14(a);

G. Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12, and 820 ILCS 115/14(a); and

H. Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate; and

I. Order such further and additional relief as this Court deems just and proper.

Dated: May___, 2017                     Respectfully submitted,


                                        /s/    Jorge Sanchez
                                        One of Plaintiff's attorneys



Jorge Sanchez
Baldemar Lopez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784